**Yu LU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3957–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 19, 2006.

Yu Lu, Brooklyn, New York, for Petitioner, pro se.

Lisa Godbey Wood, United States Attorney for the Southern District of Georgia, Melissa S. Mundell, Assistant United States Attorney, Savannah, Georgia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immi-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

gration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yu Lu, pro se, petitions for review of the BIA decision denying his motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Khouzam v. Ashcroft,* 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, Lu has not shown that the BIA abused its discretion in denying his motion to reopen. The structure of the BIA's decision implies that it found that Lu's fee receipt was insufficient to establish that his wife had been persecuted in China. This conclusion provides a proper ground for a discretionary denial of his motion.

Lu also contends that the BIA abused its discretion by not considering his conversation with his wife, which he claims indicated that men like him were being sterilized. However, although this information is present in the affidavit that Lu submitted to the BIA, the only part of his brief which mentioned his affidavit stated vaguely that: "[i]n view of the prevailing Chinese birth-control policy, the affidavit represents [Lu's] well-founded fear as a parent that Chinese authorities will be persecuted."

Finally, in reaching its conclusion that Lu's evidence would not change the outcome of his case, the BIA also noted that Lu's evidence contradicted his testimony that his marriage to his wife was registered in July 1993 before the birth of the couple's first child in November 1993. The BIA probably draws this conclusion based on the fee receipt's title, "Birth Without Marriage." Lu asserts that he and his wife were fined for conceiving before marriage and that the Chinese government simply checks the same box on the fee form for non-marital conception as they do for non-marital birth. However, although Lu's explanation for the discrepancy is perfectly plausible, a reasonable alternative to the BIA's findings does not establish an abuse of discretion.

For the foregoing reasons, Lu's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).